UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CIVIL ACTION NO. 6:06-508-KKC

MARYMOUNT MEDICAL CENTER, INC.,                      PLAINTIFF

v.                      **OPINION AND ORDER**

PALMARIS IMAGING, LLC,                      DEFENDANT

\* \* \* \* \* \* \* \* \* \*

        This matter is before the Court on the Motion in Limine made by the Defendant at the bench trial of this matter by which the Defendant asked the Court to exclude as evidence a summary chart tendered by the Plaintiff. The Plaintiff is a hospital located in London, Kentucky. The Defendant is a company that provides radiological services. The Defendant and the Plaintiff entered into a contract by which the Defendant agreed to provide radiological services to the Plaintiff.

        One of the issues that has arisen in this action is the amount of time it took the Defendant to send a radiological report to the Plaintiff after the Plaintiff requested it. The summary chart to which the Defendant objects purports to show the amount of time that lapsed between the Plaintiff sending a radiological study to the Defendant and the Defendant providing a report on the study back to the Plaintiff. The chart covers the time period commencing September 1, 2005 and ending January 7, 2006.

        Federal Rule of Evidence 1006 provides that:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

        The Sixth Circuit holds that Rule 1006 imposes five requirements for the admission of summary evidence: (1) the underlying documents are so voluminous that they cannot be conveniently examined

in court; (2) the proponent of the summary must have made the documents available for examination or copying at a reasonable time and place; (3) the underlying documents must be admissible in evidence; (4) the summary must be accurate and non-prejudicial; and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation. *United States v. Moon*, 513 F.3d 527, 545 (6th Cir.2008).

The Defendant primarily objected to the summary chart on the basis that it was not properly introduced. The summary chart was introduced through the testimony of Gary Osborne, Director of Radiology for the Plaintiff. Osborne testified that he obtained the information contained in the chart from the Defendant's website. He testified that he printed from the website 600 to 700 pages of documents containing the date and time the Plaintiff sent each radiological study to the Defendant and the date and time the Defendant sent each corresponding report to the Plaintiff. Obsorne testified that each page contained information regarding approximately 10 radiological studies. Osborne testified that he did not prepare the summary but that instead "someone in the law firm" prepared it and he later "spot-checked" the summary chart for accuracy.

Thus, Osborne obtained the information contained in the summary but did not have a supervising role in its preparation. For this reason, his testimony does not establish that the summary was an accurate representation of the information contained in the original documents. Because the summary chart was not properly introduced through the testimony of a witness who supervised its preparation, it shall not be considered as evidence in this action. Accordingly, the Court hereby ORDERS that the Defendants' Motion in Limine by which it sought to exclude the summary chart as evidence in this action is GRANTED.

Dated this 16th day of June, 2008.



**Signed By:**

*Karen K. Caldwell*
**United States District Judge**